IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

WENDEL DELGADO SANCHEZ, et al

Plaintiffs

v.

PEDRO TOLEDO DAVILA, et al

Defendants

Civil No. 07-1709 (SEC)

**OPINION AND ORDER**

Pending before this Court is Plaintiffs' Motion for Relief from Judgment (Docket # 42), Co-defendants Pedro Dávila Toledo ("Toledo"), Felícita Coriano Rivera ("Coriano"), Carlos Sánchez Ofaril ("Sanchez"), and Carlos Toledo Reyes' ("Toledo Reyes") (collectively "Supervisory Defendants") Motion Reinstating Motion to Dismiss (Docket # 30), and Plaintiffs' opposition thereto (Docket # 33). After reviewing the filings and the applicable law, Plaintiffs' motion for relief from judgment is **GRANTED,** and Defendants' motion is **MOOT**.

**Factual and Procedural Background**

Plaintiffs seek relief for the damages suffered by Wendel Delgado Sánchez (hereinafter "Wendel"), and Dwight Delgado Sánchez ("Dwight") as a result of the alleged illegal seizure, false arrest, imprisonment, and beating undertaken by members of the Puerto Rico Police Department. Plaintiffs' complaint is premised on Title 42 U.S.C.A. §1983, retaliation, the Fourth, Fifth, Eight, Ninth, and Fourteenth Amendments to the United States Constitution and several state laws.[1] Plaintiffs brought this suit against Toledo, the Police Department Superintendent; Francisco Carbó Marti, the Director of the drug and addictions control of Puerto Rico; Coriano, Lieutenant of the Carolina Tactics Operation; Carlos Carrión Rodríguez,

---

[1] The initial complaint was filed on August 8, 2007 (Docket # 1), and a first amended complaint was filed on August 15, 2007. Docket # 2. On December 26, 2007, Plaintiffs filed a second amended complaint. Docket # 12.

**CIVIL NO. 07-1709 (SEC)**                                                                 **Page 2**

Lieutenant of the Carolina Drug Division; Sanchez Ofaril, Supervisor of the Carolina Drug Division; agents José L. López Pagán, Endel Meléndez, Toledo Reyes, and Ernesto Santiago; Diego Figueroa, President of the Frente Unido de Policías Organizados (hereinafter FUPO); and several unnamed defendants. The facts of the instant case were set forth in this Court's July 30, 2008 Opinion & Order (Docket # 40), and they are as follows.

Wendel worked for the Carolina Tactics Operation for over 4 years. During his employment, Wendel never had an administrative complaint filed against him, nor was suspended for wrong behavior as a police officer. His performance evaluations always scored more than 50%. On August 9th, 2007, Wendel and his younger brother Dwight, went to visit a friend at Jardines de Carolina. After arriving at said location, and for no apparent reason, a contingent of police officers, on information and belief, members of the Carolina's Drug Division, entered and searched houses 20 and 21 of Jardines de Carolina. After searching the houses, the police officers searched, beat, and arrested Wendel, and Dwight in front of their friend's house, and in front of other people. The police officers also searched Wendel and Dwight's vehicle, and nothing was found therein.

After the incident, the officers took Wendel and Dwight to the Carolina precinct where they were incarcerated for more than 12 hours, and then released without any charges brought against them. That same day Plaintiffs were shown in handcuffs on the local TV news channels. The TV news alleged that they were involved with a drug dealer known as Coquito, who had been killed months before. The Puerto Rico Police Department requested an administrative investigation against Wendel, and a hearing was held 6 months after the filing of the charges against him. After the incident, Wendel was expelled from work without salary.

On December 26, 2007, Plaintiffs filed a second amended complaint. Docket # 12. Defendants moved this Court to strike Plaintiffs' second amended complaint, however, their

**CIVIL NO. 07-1709 (SEC)**                                                                                         Page 3

request was denied. Docket # 26. On January 28, 2008, Defendants moved to dismiss the complaint arguing that: (1) Plaintiffs failed to state a claim under the Fifth, Eight, Ninth, and Fourteenth Amendments; (2) Michelle, Randal, and Randel lacked standing to sue under section 1983; (3) they were entitled to qualified immunity; and (4) that Plaintiffs failed to state a claim under section 1983. Carbó and Toledo also argued that there was *respondeat superior* liability under section 1983, whereas Ofaril argued all the above defenses plus that all claims against him should be dismissed because he was on vacation during the time of the events alleged in the complaint. Docket # 20. In response to Plaintiffs' second amended complaint, Defendants filed a "Motion Reinstating Motion to Dismiss" (Docket # 30), and reasserting the arguments set forth in their prior motion to dismiss (Docket # 20).

In its prior Opinion & Order, this Court dismissed with prejudice all of Plaintiffs' claims federal claims against Toledo, as well as Plaintiffs' Fifth, Eighth and Ninth Amendment claims against all Defendants. Docket # 40. On August 6, 2008, Plaintiff a motion requesting that this Court reconsider its prior holding, and reinstate all claims against Toledo. Docket # 42. Specifically, Plaintiffs argue that the allegations in the second amended complaint are sufficient to survive a motion to dismiss for failure to state a claim upon which relief can be granted.

**Standard of Review**

*FED. R. CIV. P. 59(e)*

Rule 59(e) allows a party, within ten (10) days of the entry of judgment, to file a motion seeking to alter or amend said judgment. The rule itself does not specify on what grounds the relief sought may be granted, and courts have ample discretion in deciding whether to grant or deny such a motion. Venegas-Hernández v. Sonolux Records, 370 F.3d 183, 190 (1st Cir. 2004) (citations omitted). In exercising that discretion, courts must balance the need for giving finality to judgments with the need to render a just decision. Id. (citing Edward H. Bolin Co. v.

**CIVIL NO. 07-1709 (SEC)**  Page 4

Banning Co., 6 F.3d 350, 355 (5th Cir. 1993)). Despite the lack of specific guidance by the rule on that point, the First Circuit has stated that a Rule 59(e) motion "must either clearly establish a manifest error of law or must present newly discovered evidence." F.D.I.C. v. World Univ., Inc., 978 F.2d 10, 16 (1st Cir. 1992) (citing Fed. Deposit Ins. Corp. v. Meyer, 781 F.2d 1260, 1268 (7th Cir. 1986)). Rule 59(e) may not, however, be used to raise arguments that could and should have been presented before judgment was entered, nor to advance new legal theories. Bogosonian v. Woloohojian Realty Corp., 323 F.3d 55, 72 (1st Cir. 2003).

**Applicable Law and Analysis**

In their motion for relief from judgment, Plaintiffs move this Court to reinstate all claims against Toledo. Docket # 42. In support of their request, Plaintiffs argue that their second amended complaint includes specific allegations as to Toledo's alleged involvement in the facts of the instant case. Specifically, they argue that Toledo suspended Wendel the day after he was arrested and beaten, without due process of law and in violation of the Police Department's rules and regulations. Moreover, Plaintiffs contend that Toledo defamed Wendel when he appeared on TV, and commented on Wendel's suspension. According to Plaintiffs, Toledo was aware of the administrative complaints filed against the arresting officers, and failed to adequately supervise, train, monitor and evaluate them. As such, they argue that Toledo tacitly encouraged and condoned their behavior, and is responsible under the respondeat supervisor doctrine. Based on the foregoing, Plaintiffs aver that their allegations limn sufficient facts to survive a motion to dismiss at this stage of the proceedings.

In the Opinion and Order under reconsideration, this Court dismissed all claims against Toledo, finding that "the lack of specific allegations that link Toledo to the officers' malfeasance impedes us to conclude that his conduct showed deliberate indifference for

**CIVIL NO. 07-1709 (SEC)**                                                                                              Page 5

Plaintiffs' constitutional rights as it is required to hold Toledo liable under section 1983."[2] Docket # 40 at 11.

The Supreme Court has held that Section 1983 in itself does not confer substantive rights, but provides a venue for vindicating federal rights elsewhere conferred. See Graham v. M.S. Connor, 490 U.S. 386, 393-94 (1989). There are two essential elements of a Section 1983 claim: "(1) the challenged conduct was attributable to a person acting under color of state law; and (2) the conduct deprived the plaintiff of rights secured by the Constitution or laws of the United States." Velez-Rivera v. Agosto-Alicea, 437 F.3d 145, 151-152 (2nd Cir. 2006); Johnson v. Mahoney, 424 F.3d 83, 89 (1st Cir. 2005); Martínez v. Colón, 54 F.3d 980, 984 (1st Cir. 1995) (citing Chrongis v. Board of Appeals, 811 F.2d 36, 40 (1st Cir. 1987)). This second prong has two aspects: (1) there must have been an actual deprivation of the plaintiff's federally protected rights; and (2) there must have been a causal connection between the defendant's conduct and the deprivation of the plaintiff's federal rights. See Gutiérrez-Rodríguez, 882 F.2d 553, 559 (1st Cir. 1989); Mahoney, 424 F.3d at 89. In turn, this second element of causal connection requires that the plaintiff establish that each defendant's own actions deprived the plaintiff of his/her protected rights, see Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 n. 58 (1978); Gutiérrez-Rodríguez, 882 F.2d at 562; Figueroa v. Aponte-Roque, 864 F.2d 947, 953 (1st Cir. 1989). Furthermore, the defendant's conduct must be shown to be intentional, grossly negligent, or amounted to a reckless or callous indifference to the plaintiff's constitutional rights. See Simmons v. Dickhaut, 804 F.2d 182, 185 (1st Cir. 1986); Gutiérrez-Rodríguez, 882 F.2d at 562.

---

[2] This Court also held that Co-plaintiffs Michelle Collazo Díaz, Wendell's wife, and Wendel's sons, Randal Delgado Collazo, and Randel Delgado Collazo's lacked standing under Section 1983, and as a result, their claims were dismissed. See Docket # 40. Moreover, Plaintiffs' Fifth, Eight and Ninth Amendment claims were dismissed. Id.

As for supervisory liability in §1983 actions, the rule is that "supervisors may only be found liable on the basis of their own acts or omissions." Gutiérrez-Rodríguez, 882 F.2d at 562. In order for a supervisor to be found liable under Section 1983, a plaintiff must show: (1) that the supervisor's own acts or omissions deprived plaintiff of a constitutionally protected right; (2) that his "conduct or inaction amounted to a reckless or callous indifference to the constitutional rights of others;" and (3) that there was "an 'affirmative link' between the street level misconduct and the action or inaction of supervisory officials." Id.

Although the allegations against Toledo may be less specific than those regarding the arresting police defendants, they still survive a motion to dismiss under Rule 12(b)(6). In the second amended complaint, Plaintiffs aver that Toledo "knew or should have known and identified the dangerous tendencies of (the arresting) police officers..." Docket # 12 at ¶ 29. They further allege that Toledo knew that said officers had received inadequate and deficient training. Id. According to Plaintiffs, Toledo failed to properly train, monitor, supervise, and evaluate the arresting police officers. Id. Moreover, they contend that Toledo "knew or should have known the many administrative complaints filed against (the arresting officers)" for civil rights violations, and he failed to take the necessary steps to prevent or correct the officers' improper conduct. Docket # 12 at ¶ ¶ 29 & 30. As such, Plaintiffs argue that Toledo was grossly negligent in exercising his responsibilities and, as such, is responsible for the violation of Plaintiffs' civil rights.

Considering Rule 12(b)(6)'s mandate, and taking as true all of Plaintiffs' well-pleaded facts, this Court concludes that the second amended complaint "limns facts sufficient to justify recovery on any cognizable theory." Therefore, Plaintiffs have sufficiently pled a viable Section 1983 claim against Toledo. Based on the foregoing, Plaintiffs' motion to alter judgment is **GRANTED**.

**CIVIL NO. 07-1709 (SEC)**                                                                                             Page 7

On January 28, 2008, the Supervisory Defendants filed a motion to dismiss. Docket # 20. On April 29, 2008, they also filed a motion reinstating the arguments set forth in their prior motion to dismiss. Docket # 30. On July 31, 2008, this Court ruled upon Supervisory Defendants' first motion to dismiss. Docket # 40. Insofar as the same arguments were raised in both motions to dismiss, the Supervisory Defendants' motion reinstating motion to dismiss is **MOOT**.

Finally, this Court reminds the parties that all representations to the court, submitted to the court through pleadings, motions, and any other document, are bound by FED. R. CIV. P. 11(b)'s mandate. Therefore, all claims, defenses, and other legal arguments that are unwarranted by existing law, are, in fact, frivolous, and can be sanctioned by the courts. In the instant case, both Plaintiffs and Defendants have set forth unwarranted legal arguments, insofar as the current case law is extremely clear as to the applicable statutes in cases such as this one. The methodic inclusion of numerous allegations and defenses is unjustified, and unnecessarily onerous for the courts. Therefore, the parties shall take the foregoing into consideration when appearing before this Court, or face the imposition of sanctions.

**Conclusion**

For the reasons stated above, Plaintiffs' motion for relief from judgment is **GRANTED,** and Defendants' motion reinstating motion to dismiss is **MOOT**. Plaintiffs' Section 1983 claims against Toledo are reinstated.

**IT IS SO ORDERED**.

San Juan, Puerto Rico, this 23rd day of March, 2009.

*S/Salvador E. Casellas*
Salvador E. Casellas
U.S. District Judge