IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

WENDEL DELGADO SANCHEZ, et al

Plaintiffs

v.

PEDRO TOLEDO DAVILA, et al

Defendants

**Civil No. 07-1709 (SEC)**

**OPINION AND ORDER**

Pending before this Court is Defendant Diego Figueroa Torres' ("Defendant" or "Figueroa") Motion for Summary Judgment (Dockets # 83), and Plaintiff Wendel Delgado Sánchez's ("Plaintiff" or "Wendel") opposition thereto (Docket ## 87 and 89). After reviewing the filings, and the applicable law, Figueroa's motion is **GRANTED**.

**Factual and Procedural Background**

On August 9, 2006, Plaintiffs Wendel and his brother, Dwight Delgado Sánchez, were arrested and allegedly assaulted by police, and thereafter confined for over 12 hours, as a result of an investigation on the part of the Police of Puerto Rico regarding an alleged drug kingpin. Wendel was a member of the police force when this incident allegedly took place. During his time as a police officer, he was also a member of Frente Unido de Policías Organizados ("FUPO").

In June 2007, FUPO stopped providing legal services to Wendel during his administrative hearing. As a result, on December 26, 2007, Wendel brought this suit against Figueroa, president of FUPO, alleging he acted in retaliation by denying him further legal counsel. Docket # 12. Specifically, Wendel alleges that Figueroa retaliated against him because the administrative proceedings involved other police officers which were allegedly friends of Figueroa.

**Standard of Review**

*FED. R. CIV. P. 56*

The Court may grant a motion for summary judgment when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED.R.CIV.P. 56(c); See also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248(1986); Ramírez Rodríguez v. Boehringer Ingelheim, 425 F.3d 67, 77 (1st Cir. 2005). In reaching such a determination, the Court may not weigh the evidence. Casas Office Machs., Inc. v. Mita Copystar Am., Inc., 42 F.3d 668 (1st Cir. 1994). At this stage, the court examines the record in the "light most favorable to the nonmovant," and indulges all "reasonable inferences in that party's favor." Maldonado-Denis v. Castillo-Rodríguez, 23 F.3d 576, 581 (1st Cir. 1994).

Once the movant has averred that there is an absence of evidence to support the nonmoving party's case, the burden shifts to the nonmovant to establish the existence of at least one fact in issue that is both genuine and material. Garside v. Osco Drug, Inc., 895 F.2d 46, 48 (1st Cir. 1990) (citations omitted). "A factual issue is 'genuine' if 'it may reasonably be resolved in favor of either party and, therefore, requires the finder of fact to make 'a choice between the parties' differing versions of the truth at trial.'" DePoutout v. Raffaelly, 424 F.3d 112, 116 (1st Cir. 2005)(quoting Garside, 895 F.2d at 48 (1st Cir. 1990)); see also SEC v. Ficken, 546 F.3d 45, 51 (1st Cir. 2008).

In order to defeat summary judgment, the opposing party may not rest on conclusory allegations, improbable inferences, and unsupported speculation. See Hadfield v. McDonough, 407 F.3d 11, 15 (1st Cir. 2005) (citing Medina-Muñoz v. R.J. Reynolds Tobacco Co., 896 F.2d 5, 8 (1st Cir. 1990). Nor will "effusive rhetoric" and "optimistic surmise" suffice to establish a genuine issue of material fact. Cadle Co. v. Hayes, 116 F.3d 957, 960 (1st Cir. 1997). Once the party moving for summary judgment has established an absence of material facts in dispute,

**Civil No. 07-1709 (SEC)** 3

and that he or she is entitled to judgment as a matter of law, the "party opposing summary judgment must present definite, competent evidence to rebut the motion." Méndez-Laboy v. Abbot Lab., 424 F.3d 35, 37 (1st Cir. 2005) (quoting from Maldonado-Denis v. Castillo Rodríguez, 23 F.3d 576, 581 (1st Cir. 1994). "The non-movant must 'produce specific facts, in suitable evidentiary form' sufficient to limn a trial-worthy issue. . . .Failure to do so allows the summary judgment engine to operate at full throttle." Id.; see also Kelly v. United States, 924 F.2d 355, 358 (1st Cir. 1991) (warning that "the decision to sit idly by and allow the summary judgment proponent to configure the record is likely to prove fraught with consequence"); Medina-Muñoz, 896 F.2d at 8 (quoting Mack v. Great Atl. & Pac. Tea Co., 871 F.2d 179, 181 (1st Cir. 1989)) (holding that "[t]he evidence illustrating the factual controversy cannot be conjectural or problematic; it must have substance in the sense that it limns differing versions of the truth which a factfinder must resolve.").

**Applicable Law and Analysis**

On May 21, 2009, Figueroa filed this motion for summary judgment. Docket # 83. Because the instant motion is for summary judgment, the moving party must comply with the requirements of Local Rule 56, and file a statement of facts, set forth in numbered paragraphs, and supported by record citations. See Local Rule 56(b). In turn, when confronted with a motion for summary judgment, the opposing party must:

> [s]ubmit with its opposition a separate, short, and concise statement of material facts. The opposition shall admit, deny or qualify the facts by reference to each numbered paragraph of the moving party's statement of material facts and unless a fact is admitted, shall support each denial or qualification by a record citation as required by this rule. The opposing statement may contain in a separate section additional facts, set forth in separate numbered paragraphs and supported by a record citation...Local Rule 56(c).

Local Rule 56(e) further provides that "[a]n assertion of fact set forth in a statement of material facts shall be followed by a citation to the specific page or paragraph of identified record material supporting the assertion." Moreover, a "court may disregard any statement of material fact not supported by a specific record citation to record material properly considered on

**Civil No. 07-1709 (SEC)** 4

summary judgment." Local Rule 56(e). Local Rule 56(e)(2) further states that, if the opposing party does not respond to a motion for summary judgment, "summary judgment should, if appropriate, be entered against that party." When "a party opposing summary judgment fails to act in accordance with the rigors that such a rule imposes, a district court is free, in the exercise of its sound discretion, to accept the moving party's facts as stated." Cabán-Hernández v. Philip Morris USA, Inc., 486 F.3d 1, 7 (1st Cir. 2007). These rules "are meant to ease the district court's operose task and to prevent parties from unfairly shifting the burdens of litigation to the court." Id. at 8. The First Circuit has held that when the parties ignore the Local Rule, they do so at their own peril. See Ruiz-Rivera v. Riley, 209 F. 3d 24, 28 (1st Cir. 2000).

As per Local Rule 56, Figueroa filed a Motion for Summary Judgment, and an accompanying Statement of Uncontested Material Facts (Defendant's SUMF). Docket # 83. Thereafter Plaintiff filed a memorandum in opposition to Figueroa's motion for summary judgment, and a Statement of Uncontested Material Facts (Plaintiff's SUMF) in support thereof. Dockets ## 87 and 89. However, both parties failed to properly oppose each other's proposed statements of fact. Insofar as both Defendant and Plaintiffs failed to admit, deny, or qualify the opposing party's proposed uncontested facts, this Court will deem as admitted those facts which are supported by the record.

The relevant uncontested facts are as follows. Coreano was Plaintiff's supervisor. Plaintiff's SUMF ¶ 4; PTO at Docket # 105, p. 56. Figueroa is the President of FUPO, and is not a public official. Plaintiff's SUMF ¶ 3; PTO at Docket # 105, p. 56. FUPO is a private, non-governmental organization. Defendant's SUMF ¶ 5. At some point, Plaintiff was a member of FUPO. Plaintiff's SUMF ¶ 2; PTO at Docket # 105, p. 55. Per his deposition testimony, Plaintiff has no personal knowledge that a meeting between Figueroa and Coreano took place. Defendant's SUMF ¶ 4. Plaintiff did not show that Figueroa and Coreano communicated to

**Civil No. 07-1709 (SEC)**                                                                 5

deprive him of his rights. Defendant's SUMF ¶ 11.[1]

*Subject Matter Jurisdiction*

In his motion for summary judgment, Figueroa argues that this Court lacks subject matter jurisdiction, therefore, dismissal of the claims against him is warranted. Specifically, Figueroa avers that Plaintiff's claim amounts only to a breach of contract claim, instead of a violation of civil rights under § 1983. In opposition, Plaintiff contends that Coreano's involvement in the alleged retaliatory action, in conjunction with Figueroa, is sufficient to prove the necessary "person acting under the color of state law" or "state action" element required under § 1983. Although Figueroa's claim regarding lack of jurisdiction is not extensively argued in his motion, the Supreme Court has held that, in order for the Court to hear a case, subject matter jurisdiction must "be established as a threshold matter." Steel Co. v. Citizens for a Better Environment, 523 U.S. 83, 94 (1998). Therefore this Court must first address any jurisdictional issue.

Subject matter jurisdiction is granted to federal courts by either "28 U.S.C. § 1331, which provides for '[f]ederal-question' jurisdiction, [or] § 1332, which provides for '[d]iversity of citizenship' jurisdiction." Arbaugh v. Y&H Corp., 546 U.S. 500, 501 (2006). As to federal question subject matter jurisdiction, "[a] plaintiff properly invokes § 1331 jurisdiction when she pleads a colorable claim 'arising under' the Federal Constitution or laws." Id.; see Bell v. Hood, 327 U.S. 678, 681-685 (1946). If a "federal court concludes that it lacks subject-matter jurisdiction, the complaint must be dismissed in its entirety." Id. at 502. Insofar as Plaintiffs claims arise under 42 U.S.C. § 1983, this Court must first address whether Plaintiff has properly invoked § 1331 federal question subject matter jurisdiction by pleading a valid § 1983 claim.

---

[1] Upon reviewing the record, this Court finds that ¶¶ 3-5, and 11 (incorrectly numbered as 10) of Defendant's SUMF are properly supported by the record. After examining Plaintiff's SUMF, this Court notes that although ¶¶ 1-4 are not property cited by Plaintiff, the facts set forth therein appear as uncontested facts in the parties' Joint Proposed Pretrial Order ("PTO")(Docket # 105), and as such, they will be considered by this Court upon ruling on the instant motion. These are the only relevant facts as to the issue of subject-matter jurisdiction.

**Civil No. 07-1709 (SEC)**                                                                 6

In order for a plaintiff to have a viable claim under § 1983, he must show (1) that the conduct complained of was committed by a person acting under color of state law; and (2) that this conduct deprived the plaintiff of his rights, privileges, or immunities secured by the Constitution or laws of the United States. See Gutiérrez v. Cartagena, 882 F. 2d 553, 559 (1st Cir. 1989). The First Circuit has held that "Section 1983's requirement of action 'under color of state law' is identical to the 'state action' requirement of the Fourteenth Amendment." Alberto San, Inc. v. Consejo De Titulares Del Condominio San Alberto, 522 F.3d 1, 3, n. 1 (1st Cir. 2008). The state action requirement has two components: "[f]irst, the deprivation must be caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the state . . . Second, the party charged with the deprivation must be a person who may fairly be said to be a state actor." Id. at 4.

A "private party can be fairly characterized as a state actor if the circumstances of the case meet one of three tests: the public function test, the joint action/nexus test, or the state compulsion test." Alberto San, 522 F.3d at 4. The state compulsion test provides that "a private party is fairly characterized as a state actor when the state 'has exercised coercive power or has provided such significant encouragement, either over or covert, that the [challenged conduct] must in law be deemed to be that of the State.'" Id.; see also Estades-Negroni v. CPC Hosp. San Juan Capestrano, 412 F.3d 1, 5 (2005) (quoting Blum v. Yaretsky, 457 U.S. 991, 1004 (1982)). Plaintiff argues that, although Figueroa is a private party, Coreano exercised coercive power and encouragement him to retaliate against Wendel, by removing the legal counsel provided *via* FUPO. As such, Plaintiffs allege that Figueroa's actions joint actions should be deemed to be those of the State. However, this Court disagrees. After reviewing the record, this Court notes that Plaintiff's knowledge of alleged communications between Figueroa and Coreano is based solely on hearsay. As previously held, Plaintiff fails to provide evidence that such a meeting took place. Instead, he seeks to substantiate said assertion with the fact that a third party told him about it. This is insufficient to evince that the State, acting through Coreano, exercised

**Civil No. 07-1709 (SEC)** 7

coercive power, or provided significant encouragement to Figueroa. As a result, Figueroa cannot be fairly characterized as a state actor under the state compulsion test.

Plaintiff also argues that Figueroa should be characterized as a state actor under the joint action/nexus test because he felt obligated to be loyal to his friend, Coreano. The "nexus/joint action test provides that a private party" is fairly characterized as "a state actor where an examination of the totality of the circumstances reveals that the state has 'so far insinuated itself into a position of interdependence with the [private party] that it was a joining participant in the [challenged activity].'" Estades-Negroni, 412 at 5 (quoting Bass v. Parkwood Hosp., 180 F.3d 234, 242 (5th Cir. 1999)); Alberto San, 522 F.3d at 4. As previously noted, Plaintiff has no personal knowledge of an alleged communication between Figueroa and Coreano. As such, the record is devoid of evidence showing that the State has "so far insinuated itself into a position of interdependence with the [private party] that it was a joining participant in the [challenged activity]." Bass., 180 F.3d at 242 . Moreover, the simple fact that Coreano was Figueroa's friend is insufficient to conclude that Figueroa actions towards Plaintiffs were based upon his loyalty to Coreano. Furthermore, even if Figueroa acted out of loyalty to Coreano, this does not entail any action, participation, or involvement to the point of interdependence by Coreano. Thus Plaintiff's argument on this front also fails.

Finally, the public function test provides that a private party is fairly characterized as "a state actor if the plaintiff establishes that, in engaging in the challenged conduct, the private party performed a public function that has been 'traditionally the exclusive prerogative of the State.'"Estades-Negroni, 412 at 5 (quoting Blum, 457 U.S. at 1005); Alberto San, 522 F.3d at 4. Plaintiff argues that Figueroa should be characterized as a state actor because he fails to draw the line between his functions as President of FUPO, and his duties and responsibilities as a police officer. Nevertheless, when Figueroa withdrew Plaintiff's legal representation, he was acting in his capacity as president of FUPO, and not as a police officer. Moreover, Figueroa did not perform a traditional public function in his capacity as the president of FUPO. The conferral

**Civil No. 07-1709 (SEC)** 8

or denial of legal representation by FUPO, a non-governmental, private organization, is not a public function that has been "traditionally the exclusive prerogative of the State." Blum, 457 U.S. at 1005.[2]

The absence of any joint participation by state officials in a private defendants' conduct precludes Section 1983 applicability. See Alberto San, 522 F.3d at 4. Thus Plaintiff's Section 1983 claims against Figueroa are **DISMISSED with prejudice**.

*Supplemental State Law Claims*

Having dismissed Plaintiffs' federal law claims against Figueroa, Plaintiffs' state law claims against him are also dismissed. See Newman v. Burgin, 930 F.2d 955, 963 (1st Cir. 1991) (holding that "[t]he power of a federal court to hear and to determine sate-law claims in non-diversity cases depends upon the presence of at least one 'substantial' federal claim in the lawsuit.").

**Conclusion**

Based on the foregoing, this Court finds that Plaintiff has failed to satisfy the first element of a viable § 1983 claim, that is, that the conduct complained of was committed by a person acting under color of state law. Absent a valid claim 'arising under' the Federal Constitution or laws, this Court lacks subject matter jurisdiction. As stated above, "when a federal court concludes that it lacks subject-matter jurisdiction, the complaint must be dismissed in its entirety."Arbaugh, 546 at 502.  Thus dismissal of Plaintiff's claims against Figueroa is warranted, and Figueroa's motion for summary judgement is **GRANTED**.

**IT IS SO ORDERED**.

San Juan, Puerto Rico, this 31st day of August, 2009.

---

[2] There are very few actions on the part of a private actor that have been recognized as meeting this standard. They include: "the administration of elections, the operation of a company town, eminent domain, peremptory challenges in jury selection, and, in at least limited circumstances, the operation of a municipal park." Perkins v. Londonderry Basketball Club, 196 F.3d 13, 19 (1999)(internal quotation marks omitted). "When a plaintiff ventures [beyond this short list of activities], she has an uphill climb." Id.

**Civil No. 07-1709 (SEC)**                                                                 **9**

*S/Salvador E. Casellas*
Salvador E. Casellas
U.S. District Judge